UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | No.   21-cr-143 (RC) |
| **BENJAMIN TORRE** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM

Mr. Torre submits this response to the government's sentencing memorandum filed on June 30, 2022, in further support of a sentence of probation.

The government asks the court to impose 14 days' incarceration followed by three years of probation. *See* ECF No. 38. Not only is the proposed sentence an illegal sentence, a period of incarceration is not warranted in this case.

### I.     A Period of Incarceration Is Not Warranted

The government's request for 14 days' incarceration fails to take into the account the 3553(a) factors. Its only support for this request is that Mr. Torre entered into a sensitive area, a Senator's office. *See* ECF No. 38 at 14-15. However, when balancing this with the other 3553(a) factors already identified in the defense sentencing memorandum, a period of incarceration cannot be justified.

The government provides past cases involving defendants who pled to similar offenses and entered sensitive areas to try to justify its excessive request. *Id*. at 21. However, the cases provided are not comparable to the instant offense. In *United*

1

*States v. Oliver Sarko*, 21-cr-591 (CKK), the government alleged the defendant recorded himself while in the Capitol building saying, "We are storming the Capitol..Where are the traitors..and Bring out Pelosi!" The government also alleged that Mr. Sarko entered at 2:35 p.m., very shortly after the Senate Wing Door had been breached. Lastly, Mr. Sarko had a prior criminal history. For these reasons, it is not a comparable case as Mr. Torre entered at 3:00 p.m. and did not allegedly make comments suggesting a desire to confront Nancy Pelosi. Also, Mr. Torre has absolutely no criminal history and is a young man who undoubtedly acted immaturely but now sincerely regrets his conduct.

The government lastly provided *United States v. Brian Stenz*, 21-cr-456 (BAH), who also entered Senator Merkley's office. This case further illustrates why the government's request in this case is excessive and would create an unwarranted sentencing disparity. The government also requested that the court sentence Mr. Stenz to 14 days' incarceration followed by 3 years' probation. Mr. Stenz is a 51 year old man with a significant criminal history. He allegedly admitting to destroying text messages and photographs from his phone (although later obtained them from his daughter and sent to the FBI). The government alleged that he initially denied entering Senator Merkley's office. This case is easily distinguished from the instant offense as Mr. Torre is a young 24 year old man with zero criminal history. Again, although Mr. Torre admits that behaved completely inappropriately, he was upfront with law enforcement from the very beginning and has had two interviews with the FBI in order to be as cooperative as possible.

Contrary to the government's position, there are past cases where defendants entered sensitive areas but were still sentenced to probation because of the totality of the 3553(a) factors. *See United States v. Amy Schubert*, 21-cr-488 (ABJ) (sentenced to 18 months' probation after government alleged she took a selfie in a Congressional meeting room however other mitigating circumstances present, including remorse before sentencing); *United States v. Anthony Mariotto*, 21-cr-094 (RBW) (defendant allegedly entered Senate Gallery and photographed himself inside – sentenced to 36 months' probation); *United States v. Joseph Zlab*, 21-cr-389 (RBW) (allegedly entered House Appropriations Room and was close to the House Chamber – sentenced to 36 months' probation). Clearly the courts in all of these past cases did not just look to one factor to determine a just and appropriate sentence. The government's attempt to draw bright lines is misguided as we are mandated to consider all of the 3553(a) factors and not just the nature of the offense. There are several mitigating factors in Mr. Torre's case that outweigh any need for a period of incarceration.  Mr. Torre is only 24 years old, has no criminal history, did not support or encourage any violence or destruction of property, was completely cooperative with law enforcement, and has been sincerely remorseful ever since January 6, 2021.[1]

## II. <u>A Period of Incarceration Followed by a Period of Probation is Impermissible</u>

---

[1] *See United States v. Jacob Wiedrich*, 21-CR-581 (TFH) (court considered a variety of factors in imposing probation with two months' home detention, including the defendant's young age, success on pre-trial supervision, and absence of criminal history)

The government continues to request illegal split sentences, insisting that there are now other courts in this jurisdiction who have agreed that these types of sentences are permissible.[2] One of these illegal sentences is now pending appeal before the D.C. Circuit. *See United States v. Little*, 22-3018 (originating docket No. 21-cr-315 (RCL)). In *United States v. Madden*, 21-cr-55 (EGS), the Honorable Emmet G. Sullivan requested that the defense provide briefing explaining why it believes the district court in *Little* erred in imposing a split sentence. The defense submitted a supplemental brief addressing the court's question. Mr. Torre adopts all of the arguments contained in that brief, attached here as Exhibit 1. For all of the reasons stated in *Madden*, the court is not permitted to impose a split sentence as doing would raise significant constitutional concerns. Furthermore, the plea agreement nowhere indicates or notifies Mr. Torre that he may be subject to both 6 months' incarceration and 5 years' probation. A correct reading of the relevant statutes and the legislative history, as discussed in the defense pleadings in *Madden*, make it clear that a district court has a dichotomous choice: it can either

---

[2] Most judges in this district confronted with the government's request for a split sentence for one single petty offense conviction have declined to impose such a sentence. *See United States v. Spencer*, 21-CR-147 (CKK) (amending sentence after briefing provided), ECF No. 70; *United States v. Torrens*, No. 21-cr-204 (BAH), ECF No. 110 & 125; *United States v. Kari Kelley*, 21-CR-201 (DLF) (At sentencing on March 17, 2022, Judge Friedrich rejected the government's contention that a split sentence could be imposed even after being provided notice of the *Little* decision); *United States v. Jacob Wiedrich*, 21-CR-581 (TFH) (Judge Hogan also rejecting government's proposal for split sentence); *United States v. Vic Williams*, 21-CR-388 (RC) (court did not impose split sentence despite government's recommendation of split sentence); *United States v. Zachary Wilson*, 21-CR-578 (APM) (same); *United States v. Traci Sunstrum*, 21-CR-652 (CRC) (same); *United States v. Michael Carico*, 21-CR-696 (TJK) (same); *United States v. Tanner Sells*, 21-CR-549 (ABJ) (same).

sentence the defendant to imprisonment up to six months, or it can sentence the defendant to probation for up to five years. Where, as here, there is solely one single petty offense, the statute precludes a combined probationary and a sentence of incarceration.

Lastly, the government asserts that, at a minimum, the Court can impose intermittent confinement as a condition of probation. *See* ECF No. 38 at 23. However, that is still considered a Bureau of Prisons sentence and is not permissible for the same reasons discussed in *Madden*. The Court does not have statutory authority to impose any sentence of imprisonment and probation for a petty offense regardless of what the incarceration is called.

For a petty offense, it is unclear at what point an "interval of time" effectively becomes a "term of imprisonment" and therefore would constitute an unauthorized sentence of both imprisonment and probation. Cf. 18 U.S.C. §3583(d) (term of intermittent confinement pursuant to §3563(b)(10) may be imposed only for a *violation* of condition of supervised release). A sentence of "intermittent confinement" as a condition of probation for a petty offense raises significant issues and potential constitutional issues. *See United States v. Voda*, 994 F.2d 149, 151 n.2 (5th Cir. 1993) ("Voda expressly waived any argument that imposition of sixty days' confinement served over sixty day period is "imprisonment," as opposed to intermittent confinement, and thus a violation of section 3562"); *United States v. Baca*, 2011 WL 1045104 (C.D. Cal. March 18, 2011) supra at *2 (45 day condition of confinement violates statute).

## **CONCLUSION**

For the reasons stated above, Mr. Torre respectfully requests that the Court impose a period of probation and to reject the government's recommendations.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public Defender
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500
Maria_jacob@fd.org